```
                         United States Bankruptcy Court
                         Middle District of Pennsylvania
In re:                                                      Case No. 19-02318-HWV
Kristen M. Maxsween                                         Chapter 13
       Debtor                CERTIFICATE OF NOTICE
District/off: 0314-1    User: REshelman         Page 1 of 2              Date Rcvd: Jul 15, 2019
                        Form ID: pdf002         Total Noticed: 15
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 17, 2019.
```
db          +Kristen M. Maxsween,    629 E. Washington Street,    Chambersburg, PA 17201-2747
cr          +Americredit Financial Services, Inc. Dba GM Financ,   P.O Box 183853,
              Arlington, TX 76096-3853
5210266    ++AMERICREDIT FINANCIAL SERVICS DBA GM FINANCIAL,    PO BOX 183853,   ARLINGTON TX 76096-3853
             (address filed with court: AmeriCredit Financial Services, Inc.,    dba GM Financial,
              P O Box 183853,    Arlington, TX 76096)
5204469     +AmeriCredit/GM Financial,    Attn: Bankruptcy,   Po Box 183853,    Arlington, TX 76096-3853
5204470     +Credit Acceptance,    25505 West 12 Mile Rd,   Suite 3000,    Southfield, MI 48034-8331
5204471     +Delmarva Col,    Attn: Bankruptcy Department,   820 East Main Street,    Salisbury, MD 21804-5025
5204473     +Farmers & Merchants Tr,    20 S Main Street,   Chambersburg, PA 17201-2202
5204474     +First Premier Bank,    Attn: Bankruptcy,   Po Box 5524,    Sioux Falls, SD 57117-5524
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
cr           +E-mail/Text: GMFINANCIAL@EBN.PHINSOLUTIONS.COM Jul 15 2019 19:55:44
              Americredit Financial Services, Inc. Dba GM Financ,   P.O Box 183853,
              Arlington, TX 76096-3853
5210266       E-mail/Text: GMFINANCIAL@EBN.PHINSOLUTIONS.COM Jul 15 2019 19:55:44
              AmeriCredit Financial Services, Inc.,   dba GM Financial,   P O Box 183853,
              Arlington, TX 76096
5204469      +E-mail/Text: GMFINANCIAL@EBN.PHINSOLUTIONS.COM Jul 15 2019 19:55:44
              AmeriCredit/GM Financial,   Attn: Bankruptcy,   Po Box 183853,    Arlington, TX 76096-3853
5204472      +E-mail/PDF: pa_dc_ed@navient.com Jul 15 2019 20:01:49     Dept of Ed / Navient,
              Attn: Claims Dept,    Po Box 9635,   Wilkes Barr, PA 18773-9635
5207221       E-mail/PDF: resurgentbknotifications@resurgent.com Jul 15 2019 20:02:29      LVNV Funding, LLC,
              Resurgent Capital Services,   PO Box 10587,   Greenville, SC 29603-0587
5204475       E-mail/Text: camanagement@mtb.com Jul 15 2019 19:55:45     M & T Bank,    Attn: Bankruptcy,
              Po Box 844,   Buffalo, NY 14240
5204476      +E-mail/Text: Bankruptcies@nragroup.com Jul 15 2019 19:56:41      National Recovery Agency,
              Attn: Bankruptcy,    Po Box 67015,   Harrisburg, PA 17106-7015
5204477      +E-mail/Text: bankruptcy@pmscollects.com Jul 15 2019 19:56:34      Progressive Management Systems,
              Attn: Bankruptcy Department,    1521 W Cameron Ave., First Floor,    West Covina, CA 91790-2738
5204478      +E-mail/Text: bankruptcy@sw-credit.com Jul 15 2019 19:56:05      Southwest Credit Systems,
              4120 International Parkway,    Suite 1100,   Carrollton, TX 75007-1958
5204479      +E-mail/Text: bkrpt21@maxprofitsys.com Jul 15 2019 19:56:02      Valley Credit Service, Inc,
              Attn: Bankruptcy,    Po Box 2162,   Hagerstown, MD 21742-2162
                                                                                              TOTAL: 10

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
5215619*    ++AMERICREDIT FINANCIAL SERVICS DBA GM FINANCIAL,    PO BOX 183853,    ARLINGTON TX 76096-3853
             (address filed with court: Americredit Financial Services, Inc.,    Dba GM Financial,
              P.O Box 183853,    Arlington, TX 76096)
                                                                                   TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 17, 2019                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 15, 2019 at the address(es) listed below:
```
              Charles J DeHart, III (Trustee)    TWecf@pamd13trustee.com
              James  Warmbrodt    on behalf of Creditor     M&T BANK bkgroup@kmllawgroup.com
              Mark A. Buterbaugh    on behalf of Debtor 1 Kristen M. Maxsween Mooneybkecf@gmail.com,
               buterbaughmr61895@notify.bestcase.com
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                              TOTAL: 4

Rev. 12/1/18

## LOCAL BANKRUPTCY FORM 3015-1

### IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE: | CHAPTER 13 |
|---|---|
| **Kristen M. Maxsween** | CASE NO. |

☑ ORIGINAL PLAN
☐ AMENDED AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)
☐ Number of Motions to Avoid Liens
☑ Number of Motions to Value Collateral

### CHAPTER 13 PLAN

#### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | Included | Not Included |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ | ☑ |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☑ | ☐ |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ | ☑ |

#### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. **Plan Payments From Future Income**

    1. To date, the Debtor paid $ **0.00** (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $**25,200.00**, plus other payments and property stated in § 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 06/19 | 05/23 | 525.00 | 0.00 | 525.00 | 25,200.00 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | $25,200.00 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: ☑ Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $**0.00**. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

☑ No assets will be liquidated. If this line is checked, the rest of § 1.B need not be completed or reproduced.

☐ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $__ from the sale of property known and designated as __. All sales shall be completed by __. If the property does not sell by the date specified, then the disposition of the property shall be as follows:

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:

2. **SECURED CLAIMS.**

A. **Pre-Confirmation Distributions.** *Check one.*

☑ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

☑ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| M & T Bank | 629 East Washington Street Chambersburg, PA 17201 Residence: | 1598 |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence)**. *Check one.*

☐ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

☑ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|

Rev. 12/1/18

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| M & T Bank | 629 East Washington Street Chambersburg, PA 17201<br>Residence: | $9,000.00 | $0.00 | $10,154.07 |

  D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**
   ☑ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

  E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

   ☐ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

   ☑ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action or other (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
| Credit Acceptance | 2012 Hyundai Veloster 86000 miles<br>Vehicle: | $7,225.00 | 5.25% | $8,151.50 | Plan |

  F. **Surrender of Collateral.** *Check one.*

   ☑ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

  G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

   ☑ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

3.  **PRIORITY CLAIMS.**

  A. **Administrative Claims**

   1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. <u>Attorney's fees.</u> Complete only one of the following options:

    a. In addition to the retainer of $ **202.00** already paid by the Debtor, the amount of $ **3,798.00** in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c).

    b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

   3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above.
    *Check one of the following two lines.*

3

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com  Best Case Bankruptcy

Case 1:19-bk-02318-HWV  Doc 16  Filed 07/17/19  Entered 07/18/19 00:42:55  Desc
Imaged Certificate of Notice  Page 5 of 7

☑ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

    B. **Priority Claims (including, certain Domestic Support Obligations**

☑ None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

    C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B)**. *Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

**4. UNSECURED CLAIMS**

    A. **Claims of Unsecured Nonpriority Creditors Specially Classified.**
    *Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

    B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

**6. VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

☑ plan confirmation.
☐ entry of discharge.
☐ closing of case.

**7. DISCHARGE: (Check one)**

☑ The debtor will seek a discharge pursuant to § 1328(a).

☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:
Level 1:   Adequate protection payments.
Level 2:   Debtor's attorney's fees.
Level 3:   Domestic Support Obligations.
Level 4:   Priority claims, pro rata.
Level 5:   Secured claims, pro rata.
Level 6:   Specially classified unsecured claims.
Level 7:   Timely general unsecured claims.
Level 8:   Untimely filed general unsecured claims to which the Debtor has not objected.

**9.    NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Dated: **May 29, 2019**                                **/s/ Mark A. Buterbaugh**
                                                        **Mark A. Buterbaugh**
                                                        Attorney for Debtor

                                                        **/s/ Kristen M. Maxsween**
                                                        **Kristen M. Maxsween**
                                                        Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.